**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4710

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK ANTHONY JAMES, a/k/a Shoffer, a/k/a Shoff Dog,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:14-cr-00604-JFA-9)

Submitted:  September 29, 2017                     Decided:  October 11, 2017

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant.  Beth Drake, United States Attorney, Robert Frank Daley, Jr., John David Rowell, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Anthony James appeals his conviction for conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and a measurable quantity of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2012). James argues that the district court erred in denying his motion to suppress recordings obtained pursuant to an October 11, 2013, wiretap order and in admitting testimony from his coconspirators of their prior bad acts. We affirm.

Following the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011). "[W]e review for abuse of discretion determinations of necessity under [18 U.S.C.] § 2518 [(2012)]." *United States v. Wilson*, 484 F.3d 267, 280 (4th Cir. 2007). A district court may authorize a wiretap only when it determines that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c) (2012). This burden "is not great, and the adequacy of such a showing is to be tested in a practical and commonsense fashion that does not hamper unduly the investigative powers of law enforcement agents." *Wilson*, 484 F.3d at 281 (internal quotation marks omitted).

James moved before trial to suppress evidence that the Government obtained pursuant to the district court's wiretap orders, arguing, in relevant part, that the Government failed to show that the wiretap orders were necessary, as required by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522 (2012). To show necessity, "the Government need only present specific factual

2

information sufficient to establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence such that wiretapping becomes reasonable." *Wilson*, 484 F.3d at 281 (alteration and internal quotation marks omitted).

In this case, the affidavit in support of the Government's application for the wiretap order provided great detail about the goals of the investigation and why wiretapping was necessary to achieve those goals. In the affidavit, the lead case agent explained that the Government had attempted to use other investigative techniques such as physical surveillance, confidential informants, and undercover agents, but that those techniques were insufficient to penetrate the conspiracy's leadership. The agent further explained that the Government was hesitant to use grand jury subpoenas or interviews with coconspirators because it wished to limit the number of people who knew of the investigation. Because the Government presented specific factual information that established that normal investigative techniques were insufficient to meet the goals of its investigation, we conclude that the district court did not abuse its discretion in concluding that the Government met its burden to show that the wiretap order was necessary. Accordingly, the district court did not err in admitting evidence related to the October 11 wiretap order.

Next, James argues that the district court erred in allowing his coconspirators to testify at trial to their unrelated prior bad acts, in violation of Fed. R. Evid. 404(b)(1), and without proper notice, in violation of Fed. R. Evid. 404(b)(2). "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Because James did not object to the admissibility of the testimony at trial, we

3

review for plain error. *United States v. Garcia-Lagunas*, 835 F.3d 479, 492 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 713 (2017). To prevail under the plain-error standard, James must "show there was an error, the error was plain, and the error affected [his] substantial rights." *Id.* (internal quotation marks omitted). An error is plain "when the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Ellis*, 326 F.3d 593, 596-97 (4th Cir. 2003) (internal quotation marks omitted). In most cases, for an error to have affected the defendant's substantial rights, "[i]t must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Even then, we will not correct the error unless "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (alteration and internal quotation marks omitted).

We conclude that James has failed to show that the district court violated "the settled law of the Supreme Court or this circuit." *Ellis*, 326 F.3d at 596. Although this court has not held that Rule 404(b) applies only to the bad acts of criminal defendants, and not to those of other witnesses, we have stated that the rule's purpose is "[t]o ensure that defendants are protected from the prejudicial effect of *their* prior convictions." *United States v. Hall*, 858 F.3d 254, 260 (4th Cir. 2017) (emphasis added). The Supreme Court has also clarified that, "[i]n the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the *defendant* was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (emphasis added); *see also United States v. Bailey*, 840 F.3d 99, 125 (3d Cir. 2016) ("Rule 404(b) only applies to

4

evidence of a *defendant*'*s* other bad acts or crimes, not those of third parties." (emphasis in original)).

In any event, James fails to show that the alleged error affected his substantial rights. James's coconspirators' testimony regarding their past criminal activities was brief background information. In addition to this brief testimony, the Government offered substantial evidence of James's guilt at trial, including testimony from the coconspirators that they provided James with cocaine to sell and that they worked with James to prepare for sale and to sell cocaine. We therefore conclude that the district court did not plainly err in allowing James's codefendants to testify to their prior bad acts.

Accordingly, we affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*